## LEWIS *vs.* LEWIS *et al.*

Where a testator bequeathed to the children of a named son a certain interest in his estate, and directs that such bequest be charged with a reasonable support for the family while such son and his wife were living, children by a second marriage, contracted after the death of the testator, take no interest in the bequest.

Equity. Wills. Estates. Before Judge McCUTCHEN Murray Superior Court. August Term, 1878.

Lewis *et al.*, children of Theophilus Lewis by a second marriage, filed their bill against John C. Lewis, the only surviving son by his first marriage, to compel him to share with them a legacy received under the second item of their grand-father's will. The defendant demurred to the bill for the want of equity; the demurrer was overruled, and he excepted *pendente lite*. The case being submitted to the chancellor on an agreed statement of facts, he decreed in favor of complainants, and defendant excepted. For the other facts see the decision.

W. K. MOORE, by brief, for paintiff in error, cited Code, §2456.

JOHNSON & McCAMY, for defendants, cited 2 Williams on Ex'rs, 934; 1 Vesey Sr., 141; 1 Bro. C. C., 386, 530, 537; 1 Ball & B., 439, 483; 2 Sum., 485; 6 Vesey Jun., 345; 2 Lomax on Executors, 16; 2 Jarman on Wills, 55; 1 Vesey, 408; 6 *Ib.*, 239; 3 *Ga.*, 201; 27 *Ib.*, 321; 33 *Ib.*, 454; Supplement to 33 *Ga.*, 29; 8 *Ib.*, 79; 15 Vesey, 121; 30 *Ga*, 47; 34 *Ib.*, 47, 499; 56 *Ib.*, 185; 54 *Ib.*, 155, 486; Code, §§3577, 3826, 3827; 53 *Ga.*, 447; 54 *Ib.*, 678.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendant on the equity side of the court, and on the trial thereof, by consent, was submitted to the decision of the

chancellor without the intervention of a jury, upon the following statement of facts:

Walker Lewis, the testator, made his will in 1854; on the 9th of May, 1860, he died. The following is a copy of the second item of his will:

"I will and bequeath to the children of Theophilus Lewis one-eighth part of my whole estate, both real and personal, to have and to hold the same to their own use forever.

"Nevertheless, I direct that there be made use of out of the above named estate bequeathed to my son Theophilus Lewis's children, a reasonable support for the family while Theophilus and his wife are living. Also, that their children be educated with a common English education. And I also direct that the land in Forsyth county, whereon the family now live, to which I hold a deed from Kellogg, constitute a part of said children's one-eigth part of my estate. And I further direct that my grand-son, James Walker Lewis, if in life, and if dead, then any of his brothers of lawful age, be authorized to receive said eighth part of my estate, and to receipt my executor, hereinafter named, for the same."

At the death of testator Walker Lewis, in 1860, Theophilus Lewis and his then wife, Rebecca, had living five children (one, James Walker Lewis, having died in testator's lifetime). Three of these five survived Theophilus Lewis, and two died before him leaving issue still living. Rebecca, the first wife of Theophilus Lewis, died in January, 1862, and in the March following her death, Theophilus married the second time, taking for wife the mother of complainants, and they are the issue of this last marriage. The plaintiff in error received from the executor a fund about the year 1875, and defendants in error claim an equal participation in this fund with the children of the first marriage. The chancellor decided that the children of Theophilus by the second marriage were entitled to participate in the distribution of the fund with the children by his first marriage, and this decision is assigned as error.

It is a cardinal rule in the construction of wills to seek diligently for the intention of the testator, and give effect to the same as far as it may be consistent with the rules of law. It was the manifest intention of the testator that the

children of his son Theophilus by his then living wife should be the objects of his bounty, and he provided for a reasonable support for the family while Theophilus and his wife were living, meaning the family and wife Theophilus then had, inasmuch as he had no other wife or family of children, either at the date of the will, or at the death of the testator when the will took effect. At the death of the testator, the legacy vested in the children of Theophilus then living, subject to the charge created thereon by the terms of the will. In view of the facts contained in the record, the judgment of the chancellor was error. The overruling the defendant's demurrer to the complainants' bill, filed at the first term of the court, did not operate as a bar of defendant's rights, as he excepted *pendente lite,* and his exceptions are made a part of the record, and error was duly signed thereon here.

Let the judgment of the court below be reversed.